RICHARD H. VOSE *vs.* JAMES C. HOWARD.

In an action of debt, brought by a Division Advocate against a Captain in the Militia, to recover the amount of a fine and costs awarded against him by the sentence of a Court Martial, where the *only evidence offered in support of* the action was a copy of the judgment of the Court Martial at which the sentence was rendered, certified by the Adjutant General; also the pay roll of the court certified in the same manner ; also the order of the Commander-in-Chief directing the plaintiff to commence the action ; and his own commission, as Division Advocate ; it was *held,* that a nonsuit was rightly ordered.

EXCEPTIONS from the Court of Common Pleas.

The action was *debt,* brought *Oct.* 31, 1835, by the plaintiff, as Division Advocate of the second division of the militia, to recover the amount of a fine and one half of the costs awarded against the defendant by the sentence of a court martial, under the provisions of the " act to organize, govern and discipline the militia of this State," passed *March* 8, 1834. The plaintiff, to maintain the issue on his part, produced a copy of the judgment of the court martial at which the sentence was rendered,

certified by the Adjutant General; also, the amount of the pay-roll of said court, certified in the same manner; also the order of the Commander-in-Chief, directing the plaintiff to commence this action; and also his own commission, as Division Advocate, which papers were referred to in the bill of exceptions, as part of the case. Upon this evidence the plaintiff rested his case.

The counsel for the defendant required proof, that the court martial referred to had jurisdiction of the subject matter, were duly organized, and had conformed in all respects to the require-ments of the law in such cases made and provided. The paper referred to, as a copy of the judgment of the court martial certi-fied by the Adjutant General, was the copy of a paper purporting to be signed by *Rufus C. Vose*, as president of a court martial for the second division, and recited that pursuant to a general order from the Commander-in-Chief for the trial of the defendant, as captain of a company of infantry, on certain charges preferred against him by the Division Advocate, on the complaint of the commanding officer of the regiment, the court martial, naming the persons composing it, met, and having heard the parties, found the defendant guilty of the first charge and of the first and second specifications of the charge, and sentenced the defendant to be removed from office, and to pay a fine of $25,00, and half the costs of prosecution. This paper does not state what the charges were. The paper referred to, as the order directing the plaintiff to commence the action, recited the proceedings of the court martial, and concluded thus. "Major *Richard H. Vose*, Division Advocate of said second Division, will enforce the pay-ment of the fine and costs which said *Howard* is sentenced by said court to pay. Captain *Howard* is hereby discharged from the service. Major General *White* will cause this order to be carried into effect." This last paper, and this only, states the offence of which the defendant was found guilty.

*Smith J.* before whom the action was tried, ruled, that the plaintiff had not gone far enough to make out his case, and directed a nonsuit; to which the plaintiff excepted.

*Vose, pro se,* argued, that the evidence introduced on the trial was sufficient to enable him to recover under the provisions of the *stat. of* 1834, *ch.* 643. By the statute and the practice under

it, a copy of the general order convening the court martial is sent to the Judge Advocate, who notifies all parties, and when the court have finished the business before them, they make a written statement of their doings, and all the papers are returned into the office of the Adjutant General, and there recorded. The court martial do not, and cannot, keep a record of the proceedings, and after the adjournment there would be no one to certify it, if they could. This judgment of the Court was properly certified by the only person competent to do it. By the *Mass. statute* the Judge Advocate is to keep a record of all the proceedings, and certify it to the Adjutant General. But here both the law and the practice are otherwise. The record produced was a record of the judgment, which is sufficient to support an action of debt for the amount. This record need not recite all the particulars of the proceedings before them, any more than the record of a judgment in a court of law. Nor is it any more necessary to produce a copy of the order convening the court, than to shew the commissions of the judges in an action on a judgment of a court of law.

*May*, for the defendant, took many objections to the sufficiency of the evidence offered at the trial, among which are these.

1. A court martial is a tribunal constituted entirely by the order of the Commander-in-chief, and has no persons designated and commissioned, as its members, and there are no stated times fixed by law for holding the courts. The statute provides expressly, that the members of these courts are to be detailed by the Commander-in-chief, and convened by a general order. No evidence of this was offered. The very foundation of the Court, and the power to act is wanting.

2. A court martial proceeds in a summary way, and is not a court of record. The only record kept is by the division advocate, whose duty it is made by statute, and he is to return it to the Commander-in-chief. The paper called a judgment was but a copy of a copy of a paper purporting to be signed by a man calling himself president of a court martial. The paper is not signed by the proper person to certify the doings, and a certified copy of a copy is no evidence.

**3.** The paper called a judgment does not state what the charges against the defendant, of which they found him guilty, were, and of course do not shew, that they had any jurisdiction of the subject matter. It does not even state that there were any charges in writing.

**4.** The paper does not shew, that the court was organized according to the provisions of the statute. The mode is there particularly pointed out, and the Court required to appoint a Marshal and may appoint other officers. They ought to return what they have done, that the Court here may see, that the proceedings are legal. But here it is not said, that they were organized according to law, nor is a single fact stated tending to shew it.

**5.** Those sections of the *statute*, from 36 to 43 inclusive, on which the action is founded, apply only to the militia when called out into actual service. If they do not, then they are unconstitutional and void, because they take away the right of trial by jury secured by the constitution.

He cited the following authorities. *Stat.* 1834, *ch.* 643, § 36 to 43 ; 1 *Black. Com.* 413 ; *Phil. on Ev.* 298 ; *Peake on Ev.* 74 ; *Rex* v. *Croke*, 1 *Cowper*, 26 ; 1 *Saund. Wm's Ed.* 74, *note* 1 ; *ibid.* 313, *note* 1, 2 ; *Commonwealth* v. *Coombs*, 2 *Mass. R.* 489 ; *Bridge* v. *Ford*, 4 *Mass. R.* 641 ; *Coffin* v. *Wilbour*, 7 *Pick.* 149 ; *Brooks* v. *Adams*, 11 *Pick.* 441 ; *Betts* v. *Bragley*, 12 *Pick.* 572 ; *Wise* v. *Withers*, 3 *Cranch*, 331; *Pownal, ex parte*, 8 *Greenl.* 271 ; *State* v. *Pownal*, 1 *Fairf.* 24 ; *Mills* v. *Martin*, 19 *Johns.* 7 ; *Constitution of Maine*, *Art.* 1, § 20.

After a continuance for advisement, the opinion of the Court was drawn up by

EMERY J. — In this action a nonsuit was directed in the Court of Common Pleas, and the matter comes before us on the exceptions taken against that direction. It is certainly desirable that efficiency should be given to the sentences of courts martial, and that for trivial causes, delays should not be interposed to defeat their judgment. Celerity of punishment is necessary to maintain discipline. But it is the design of law to open the way for investigation as to the regularity of the organization of this species of

tribunal of limited jurisdiction, when a civil suit is instituted to recover the fines imposed. We cannot deprive the citizen, who is sued, of any of the protection, which our law extends to his case. We are to take nothing by implication.

The objections urged by the defendant's counsel are, that the record is deficient in not shewing the members composing the court martial to be detailed by the Commander-in-chief from the Division to which the officer belongs; does not shew that any marshall was appointed; that the commander did not designate who should act as president; nor that any order was issued by the Commander-in-chief, nor that the charges were in writing, and that the record sets forth no offence against military law, and that the order is not to be used to shew what the charges were.

We do not profess to ground our opinion solely on the want of evidence as to the appointment of a marshal, though it seems by law to be a peremptory provision, that he should be appointed by the president, and the president with advice of his associates *may* appoint a warrant officer to attend upon them, because it is not brought home to our conviction, that this officer would very materially *enlighten the judgment of the Court* on the subject committed to their consideration. Yet we can readily imagine that such an officer might aid in the preservation of order. But on examining the cases cited by the counsel for the defendant, we are constrained to say, that "*the plaintiff had not gone far enough to make out his case.*" The exceptions therefore are overruled, and the nonsuit is confirmed.